# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| KELVIN FRAZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00061-JMB |
| ) | |
| ST. LOUIS MO INTERNAL REVENUE ) | |
| SERVICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Kelvin Frazier for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). In support of the motion, he has also submitted a copy of his inmate account statement from the Florida Department of Corrections. (Docket No. 3). Having reviewed plaintiff's prior filings in federal court, the Court has determined that plaintiff, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss his complaint without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Martin Correctional Center in Indiantown, Florida. He brings this civil action pursuant to 42 U.S.C. § 1983, naming the St. Louis MO Internal Revenue Service as the sole defendant. (Docket No. 1 at 1). The complaint contains allegations regarding plaintiff's non-receipt of a stimulus check.

In the "Statement of Claim," plaintiff asserts that the stimulus package was made payable to all prisoners in the United States who were citizens. (Docket No. 1 at 2). He further asserts that the State of Texas handled all stimulus requests in "the southern end of the U.S.," including Florida. (Docket No. 1 at 3). According to plaintiff, however, due to the backlog of people applying for stimulus checks, Texas sent his information to Utah, Missouri, Georgia, and California. Plaintiff concludes his "Statement of Claim" by asserting that his case has merit, and that it requires factual investigation that he cannot perform due to his imprisonment.

Attached to the complaint is a "General Affidavit," in which plaintiff states that he filed his original paperwork with the "Texas I.R.S." to get his stimulus check under the Cares Act. (Docket No. 1-1 at 1). Plaintiff insists that Texas should have then sent his documents "to all the other states" with his I.R.S. identification number. He believes that every other state's I.R.S. should have this number, and if they do not, they should "have contacted the Texas I.R.S. and [told] them to send it to them." (Docket No. 1-1 at 2-3).

With regard to relief, plaintiff seeks appointment of counsel, as well as help getting his stimulus money. (Docket No. 1 at 3).

**Discussion**

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, apparently accusing the Internal Revenue Service in St. Louis of failing to send him his stimulus check. Along with his complaint, he has filed a motion for leave to proceed in forma pauperis, seeking to commence this action without prepaying the required filing fee. While he has been incarcerated, however, plaintiff has filed at least three prior cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). As

2

such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to plaintiff refiling a fully-paid complaint.

### A. 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915, this Court may authorize the commencement of a civil action without prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all such assets such prisoner possesses," and that indicates "that the person is unable to pay such fees." *See* 28 U.S.C. § 1915(a)(1). The Prison Litigation Reform Act, though, "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending." *Id*. at 541. For purposes of this section, a dismissal for failure to state a claim counts as a strike

3

whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

### B. Plaintiff's Previous "Strikes"

A review of plaintiff's federal court filings shows that plaintiff has accumulated at least three strikes. That is, he has filed at least three prior cases while incarcerated that were subsequently dismissed under 28 U.S.C. § 1915(e) for frivolousness, maliciousness, or failure to state a claim. *See Frazier v. Moore, et al.*, No. 3:03-cv-8-RH (N.D. Fla. June 5, 2003) (while incarcerated at the Santa Rosa Correctional Institution, plaintiff's case dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)); *Frazier v. Buss, et al.*, No. 4:11-cv-98-SPM-WCS (N.D. Fla. July 15, 2011) (while incarcerated at the Okeechobee Correctional Institution, plaintiff's case dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); and *Frazier v. Striebel, et al.*, No. 2:12-cv-14220-JEM (S.D. Fla. Aug. 15, 2012) (while incarcerated at Florida State Prison, plaintiff's case dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). Indeed, according to the United States District Court for the Northern District of Florida, plaintiff has filed "at least two dozen prior federal lawsuits, many of which were…dismissed as frivolous, malicious, or failing to state a claim upon which relief could be granted." *Frazier v. Snyder, et al.*, No. 2:21-cv-295-SPC-NPM (M.D. Fla. May 14, 2021).

Based on plaintiff's past filing behavior, other courts have determined that he is subject to the three-strikes provision in 28 U.S.C. § 1915(g). *See Frazier v. Mayo Correctional Institution*, No. 1:18-cv-175-MW-GRJ (N.D. Fla. Nov. 8, 2018) (dismissing case due to three-strike bar under 28 U.S.C. § 1915(g)); and *Frazier v. McClellan, et al.*, No. 3:20-cv-227-MMH-PDB (M.D. Fla. Mar. 13, 2020) (noting that "plaintiff is a prolific, three-strikes litigant," and dismissing under 28 U.S.C. § 1915(g)). More pertinently, the Court notes that plaintiff filed an almost identical lawsuit

4

to the instant case in the United States District Court for the District of Utah, alleging that he was entitled to a stimulus check he had not received. *Frazier v. Department of the Treasury*, No. 1:23-cv-9-BSJ (D. Utah Jan. 27, 2023). On February 23, 2023, the District of Utah denied plaintiff in forma pauperis status because he was a three-striker under 28 U.S.C. § 1915(g).[1]

For these reasons, the Court has determined that plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g). All of these strikes accrued before plaintiff filed the instant action on January 18, 2023. Therefore, he cannot proceed in forma pauperis unless the imminent danger exception applies.

### C. Imminent Danger

Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Nevertheless, pursuant to 28 U.S.C. § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*. Furthermore, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

---

[1] Plaintiff filed another similar case in the United States District Court for the Northern District of Texas. *See Frazier v. Texas Internal Revenue Service*, 3:22-cv-2420-C-BK (N.D. Tex. Oct. 31, 2022). On January 9, 2023, the Northern District of Texas dismissed plaintiff's case for lack of jurisdiction, because his claim was barred by sovereign immunity.

In this case, plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury. To the contrary, plaintiff acknowledges that his complaint concerns "issues related to facts outside of prison," and do not encompass his conditions of confinement. Specifically, plaintiff is seeking the Court's assistance in receiving a stimulus check. This claim concerns financial matters, and does not implicate his physical safety in any way. Because plaintiff has failed to show that the exception to the three-strikes provision in 28 U.S.C. § 1915(g) applies to him, the Court will deny his motion for leave to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of April, 2023.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE